# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**D.J. DONNELLY,**

        **Plaintiff,**

**-vs-**                                **Case No.  6:12-cv-670-Orl-22KRS**

**HARRY MCCONNELL,**

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT:

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 3)**
>
> **FILED:**      **April 5, 2012**

## I.  PROCEDURAL HISTORY.

Plaintiff D.J. Donnelly filed a complaint alleging that Defendant Harry McConnell, a lawyer who represented the guardian for Donnelly's grandmother, defamed him in a letter McConnell sent to the Florida Better Business Bureau in response to a complaint made by Donnelly.  Doc. No. 1.  In the letter, which is attached to the complaint, McConnell expressed both his opinion regarding Donnelly and facts regarding the matters underlying Donnelly's complaint to the Better Business Bureau.  Doc. No. 1-3 at 2-3.

Donnelly alleges that he is a resident of South Carolina and that McConnell is a resident of Florida. Doc. No. 1. He alleges that the amount in controversy exceeds $75,000. *Id*. He seeks to proceed *in forma pauperis*. Doc. No. 3.

## II.    STANDARD OF REVIEW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a Plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

## III.    ANALYSIS.

Donnelly alleges defamation in violation of South Carolina law. The elements of defamation under South Carolina law are (1) a false and defamatory statement was made; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and, (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. *McBride v. School Dist.*, 698 S.E. 2d 845, 852 (S.C. Ct. App. 2010). Statements of opinion, as opposed to verifiable factual statements, do not provide a basis for a defamation claim. *See Woodward v. Weiss*, 932 F. Supp. 723, 725 (D.S.C. 1996). Whether a statement is a statement of fact or opinion is a question of law for the trial court to decide. *Potomac Valve & Fitting, Inc. v. Crawford Fitting Co.*, 829 F.2d 1280, 1285 n.12 (4th Cir. 1987) (citations omitted).

In *Potomac*, the court relied on the following four-factor analysis to distinguish fact from opinion:

> To identify an opinion, a trial judge should (1) consider the author or speaker's choice of words; (2) decide whether the challenged statement is "capable of being objectively characterized as true or false"; (3) examine the context of the challenged statement within the writing or speech as a whole; and (4) consider "the broader social context into which the statement fits."

*Id.* at 1287-88 (quoting *Ollman v. Evans*, 750 F.2d 970, 981-84 (D.C. Cir. 1984)).  The court further found that "[e]ven when a statement is subject to verification, however, it may still be protected if it can best be understood from its language and context to represent the personal view of the author or speaker who made it."  *Id.* at 1288.

Considering the context of the challenged statements within McConnell's letter as a whole, the Court can plainly differentiate McConnell's expression of his opinion regarding Donnelly's actions and his statements of fact regarding the matters at issue.  Whether or not McConnell's opinions of Donnelly could be objectively proved to be true or false does not undermine a finding that the statements about which Donnelly complained can be understood from the language and context of the letter to represent McConnell's personal opinion.  Therefore, there is no actionable claim for defamation based on the letter.  Accordingly, the complaint fails to state a claim on which relief can be granted under South Carolina law.

Generally, the Court should permit a *pro se* litigant to file an amended complaint.  In this case, however, the allegedly defamatory statements are in writing and, therefore, an amended complaint cannot change by its allegations the basis of the claim.  Accordingly, I **respectfully**

**recommend** that the Court **DISMISS** the case, **DENY** the motion to proceed *in forma pauperis*, and **direct** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 21, 2012.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy