# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

D.J. DONNELLY,

          Plaintiff,

-vs-                                     Case No. 6:12-cv-670-Orl-22KRS

HARRY MCCONNELL,

          Defendant.

## ORDER

This cause comes before the Court for consideration of United States Magistrate Judge Karla R. Spalding's April 5, 2012 Report and Recommendation ("R & R") (Doc. No. 18) and Plaintiff D.J. Donnelly's Objections to Judge Spalding's R & R (Doc. No. 19). For the reasons set forth below, the Court will adopt Judge Spalding's ultimate recommendation that the Court deny Donnelly's motion for leave to proceed *in forma pauperis* and dismiss the case without leave to amend the complaint.

### I. BACKGROUND

*A. Facts Underlying Donnelly's Claims*

Prior to D.J. Donnelly's grandmother's death, Harry McConnell represented her professional guardian. (Doc. No. 1-3 at 2.) On December 14, 2011, Donnelly filed a complaint against McConnell and his law firm, Smith, Hood & Bigman, LLP, with the Better Business Bureau ("BBB") of Central Florida. (*Id.* at 4.) Donnelly's BBB complaint centered on McConnell's lack of response to Donnelly's two requests for documents related to his grandmother's estate. (*See id.* at 4.) After the BBB notified McConnell of Donnelly's dispute, McConnell responded to the BBB by letter dated January 4, 2012. (*Id.* at 2-4.)

After receiving McConnell's letter, the BBB of Central Florida ultimately judged Donnelly's case to be outside the BBB's purview. (*Id.* at 4.) Donnelly now alleges that McConnell defamed him through the January 4, 2012 letter. (Doc. No. 1 ¶¶ 4-5.)

Because the totality and context of the allegedly defamatory statement are important in determining whether Donnelly adequately states claims for defamation, *Smith v. Taylor Cnty. Publ'g Co., Inc.*, 443 So. 2d 1042, 1047 (Fla. 1st DCA 1983), the body of McConnell's letter is reproduced in full:

> Dear Ms. McNamra-Wilson:
>
> Your referenced letter, addressed to the law firm of which I am of counsel, was referred to me for response.
>
> DJ Donnelly is a very confused individual, who rarely, from what I have seen, takes the trouble to learn the facts regarding whatever matter is of concern to him momentarily, and has demonstrated a propensity for making baseless allegations against anyone whose name he happens to come across. While I hate to waste my time responding to ludicrous complaints, I will make a brief statement to set the record straight.
>
> Mr. Donnelly's grandmother, Olga Mescia, died on April 14, 2010. During the last years of her life Ms. Mescia was mentally incapacitated, and Martha Smith, a professional guardian supervised her affairs, and had in her possession certain assets belonging to Ms. Mescia when she died. It was my privilege to represent Ms. Smith in her capacity as Ms. Mescia's guardian.
>
> After waiting for a year to see if anyone in the family would step forward to open a probate estate, the guardian sought discharge as guardian and obtain an order from the court to place Ms. Mescia's assets into the registry of the clerk of the court. That was done on April 14, 2011. A duplicate copy of the receipt issued to Ms. Smith was provided to you by Mr. Donnelly when he filed his complaint. Kindly note that the document is titled "RECEIPT FOR FUNDS" and that it is signed by Belinda Franks, Deputy Clerk receipting "funds deposited into the court registry." Receipts are signed by persons receiving funds, not by persons making a deposit or transfer.

> I verified this morning that the full $37,164.59 remains on deposit with the clerk of the court. Anyone having an interest in this matter can obtain an accounting from deputy clerk Sherrie Watercutter, who is a supervisor in the clerk's probate section. Ms. Watercutter can be reached at (386) 736-5914. Whether D.J. Donnelly has such an interest is unclear. In any event, Ms. Smith has been discharged as guardian for Ms. Mescia and has no involvement with any matters pertaining to her estate.
>
> Mr. Donnelly's inclination to intermeddling, combined with his failure to comprehend the basic workings of the legal system, and his unwillingness or inability to retain counsel, has been the source of a number of problems. In June 2010 he filed a STATEMENT OF CLAIM for $50,000, to which I objected on June 21, citing several grounds, including the fact that Mr. Donnelly has no standing to file a claim against the guardian, and that his claim is incoherent. When the court took no action on his claim, he filed a petition to reopen the claim, which resulted in the court, on June 21, 2011, entering an ORDER DISMISSING PETITION. The order said that the petition "and all other pleadings or motions relating to this 'Bond Claim' should be dismissed for the reasons stated in the Objection to Claim, filed June 21, 2010, by Harry G. McConnell, Esq., attorney for the guardian, Martha Smith." A copy of the court's order is enclosed.
>
> Mr. Donnelly is, in short, a crank whose clumsy persistence in interfering with matters about which he knows virtually nothing cause [sic] other people to waste their time dealing with him. Please make a note in your file that if Mr. Donnelly files another complaint with the Better Business Bureau this letter should be consulted, because I do not plan to devote another minute to his nonsense.

(Doc. No. 1-3 at 2-3.) Specifically, Donnelly alleges that the following words and phrases are defamatory: "confused individual," "propensity," "baseless allegations," "ludicrous," "crank," "clumsy persistence," and "lack of common sense." (Doc. No. 1 ¶ 4.)

*B. Action in the District of South Carolina*

Donnelly initiated this lawsuit in the United States District Court for the District of South Carolina, alleging in his complaint two counts against McConnell for defamation.

(Doc. No. 1 at 1, 3.) The District Court for the District of South Carolina transferred this case to the Middle District of Florida, stating: "This district court is not the correct venue for this litigation, where Defendant does not reside and where no events giving rise to the cause of action took place." (Doc. No. 12 at 1.) The court quoted 28 U.S.C. § 1404(a) and 28 U.S.C. 1406(a) in its order; however, the court did not explicitly state that transfer was ordered pursuant to a specific section. (*See id.* at 1-2.)

  *C. Judge Spalding's R & R*

  In determining whether to recommend that Donnelly's motion for leave to proceed *in forma pauperis* should be granted or denied, Judge Spalding screened Donnelly's Complaint, pursuant to 28 U.S.C. 1915(e)(2)(B), to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [*in forma pauperis*] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Without explicitly conducting a choice of law analysis, Judge Spalding applied South Carolina law in evaluating Donnelly's defamation claims. (*See* Doc. No. 18 at 2-3.) Judge Spalding concluded that Donnelly failed to state a claim for defamation under South Carolina law because the allegedly defamatory statements "can be understood from the language and context of the letter to represent McConnell's personal opinion." (*Id.* at 3.) Therefore, Judge Spalding concluded that Donnelly's motion for leave to proceed *in forma pauperis* should be denied and that his Complaint should be

dismissed without leave to amend. (*Id.* at 3-4.) Donnelly objects to Judge Spalding's R & R, arguing that Florida law rather than South Carolina law should apply to his defamation claims.

## II. STANDARD OF REVIEW

Pursuant to Rule 72(b)(3), the Court reviews de novo any part of a magistrate judge's report and recommendation to which a party objects. A de novo determination requires the district judge to consider factual issues on the record independent of the magistrate judge's report and recommendation. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## III. ANALYSIS

*A. Applicable Law*

Donnelly alleges diversity as the basis of the Court's subject matter jurisdiction. (Doc. 1 ¶ 1.) A district court sitting in diversity applies the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Flintkote Co. v. Dravo Corp.*, 678 F.2d 942, 945 (11th Cir. 1982). Because a transfer of venue pursuant to § 1404(a) is ordered generally in the interest of convenience and fairness rather than propriety, the transferee court is "obligated to apply the state law that would have been applied if there had been no change of venue." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). "A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms." *Id.* at 639. However, if a transfer is ordered pursuant to § 1406(a), the

transferee court must apply law of the state in which it sits. *See Ellis v. Great Sw. Corp.*, 646 F.2d 1099, 1110 (5th Cir. Unit A June 1981).[1] The District of South Carolina did not explicitly order this case transferred to the Middle District of Florida pursuant to either § 1406(a) or § 1404(a), but instead quoted both sections. However, because the District of South Carolina described the original venue as improper rather than merely less convenient than the Middle District of Florida, the Court construes the transfer of venue as ordered pursuant to § 1406(a). (*See* Doc. No. 12 at 1.) Therefore, Florida law applies to Donnelly's claims.

*B. Adequacy of Donnelly's Defamation Claims*

In Florida, "[d]efamation has the following five elements: (1) publication; (2) falsity; (3) [the] actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) [the] statement must be defamatory." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). Florida follows the Restatement (Second) of Torts (1977) with respect to allegedly defamatory statements of opinion. *Stembridge v. Mintz*, 652 So. 2d 444, 446 n.5 (Fla. 3d DCA 1995). "[S]tatements of pure opinion cannot constitute actionable defamation." *Id.* at 446 (quoting *E. Air Lines, Inc. v. Gellert*, 438 So. 2d 923, 927 (Fla. 3d DCA 1983)). "Pure opinion occurs when the defendant makes a comment or opinion based

---

[1] The Eleventh Circuit adopted as binding precedent decisions of the Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*); *see also Manley v. Engram*, 755 F.2d 1463, 1467 n.9 (11th Cir. 1985) ("The *Ellis* decision is binding precedent in the Eleventh Circuit.").

on facts which are set forth in the article or which are otherwise known or available to the reader or listener as a member of the public." *From v. Tallahassee Democrat, Inc.*, 400 So. 2d 52, 57 (Fla. 1st DCA 1981). On the other hand, actionable mixed expressions of opinion and fact "occur[] when an opinion or comment is made which is based upon facts regarding the plaintiff or his conduct that have not been stated in the article or assumed to exist by the parties to the communication." *Id.* (citing Restatement (Second) of Torts, § 566).

The determination as to whether a statement is non-actionable pure opinion is a question of law for the court to decide. *Id.* at 52.

> [T]he test to be applied in determining whether an allegedly defamatory statement constitutes an actionable statement of fact requires that the court examine the statement in its totality and the context in which it was uttered or published. The court must consider all the words used, not merely a particular phrase or sentence. In addition, the court must give weight to cautionary terms used by the person publishing the statement. Finally, the court must consider all of the circumstances surrounding the statement, including the medium by which the statement is disseminated and the audience to which it is published.

*Id.* at 57 (quoting *Info. Control v. Genesis One Computer Corp.*, 611 F.2d 781, 784 (9th Cir. 1980)).

Examined in context of the entire letter, each of the words and phrases that Donnelly alleges are defamatory are non-actionable statements of pure opinion. In his response to the BBB, McConnell explains his history with Donnelly. Donnelly does not allege that any of McConnell's statements describing the history between the parties are defamatory. McConnell continues his letter by offering his own assessments, opinions, and characterizations, which he draws from his experiences with Donnelly detailed in his letter. The words or phrases of which Donnelly complains are based upon facts regarding Donnelly

and his conduct that are stated in the letter or otherwise assumed. Therefore, the words and phrases that Donnelly alleges are defamatory are pure opinion and not actionable as defamation. Accordingly, Donnelly fails to adequately state a claim for defamation.[2]

Because Donnelly fails to adequately state a claim upon which relief can be granted, his motion for leave to proceed *in forma pauperis* is denied and his complaint is dismissed without leave to amend.

IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. Magistrate Judge Karla R. Spalding's April 5, 2012 Report and Recommendation (Doc. No. 18) is **ADOPTED** and **CONFIRMED** to the extent that it recommends that the Court deny Donnelly's motion for leave to proceed *in forma pauperis* and dismiss the case without leave to amend the complaint.

2. Plaintiff Donnelly's Motion for Leave to Proceed *in forma pauperis* (Doc. No. 3) is **DENIED**.

3. Plaintiff Donnelly's Complaint (Doc. No. 1) is **DISMISSED with prejudice**.

---

[2] The Court would reach the same result if it applied South Carolina law. South Carolina law is not a clear as Florida law as to whether a pure statement of opinion is actionable through a defamation claim. *See Goodwin v. Kennedy*, 552 S.E.2d 319, 324-25 (S.C. Ct. App. 2001) (no error in trial judge's refusal to charge the jury that the mere expression of opinion is not slander). However, although the United States Supreme Court has rejected "a wholesale defamation exception for anything that might be labeled 'opinion[,]'" a statement that cannot reasonably be interpreted as stating actual facts is protected under the First Amendment and is not actionable as defamation. *See Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 17-18 (1990); *see also Woodward v. Weiss*, 932 F. Supp. 723, 727-28 (D.S.C. 1996) (citing *Milkovich* in dismissing a libel claim brought pursuant to South Carolina because the statements that plaintiff alleged were libelous could not reasonably be interpreted as stating actual facts). Because the words and phrases that Donnelly alleges constitute defamation cannot be reasonably interpreted as stating actual facts, they are protected under the First Amendment and are not actionable as defamation.

4. Plaintiff Donnelly's Objection to Judge Spalding's April 5, 2012 Report and Recommendation (Doc. No. 19) is **SUSTAINED** to the extent Donnelly asserts that Florida law should apply to his claims and otherwise **OVERRULED**.

5. The Clerk of the Court is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on June 26, 2012.

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Unrepresented Party